FILED
3/9/2020 12:23 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

CARLOS MUNOZ; and ALICIA PEREZ, )
Individually and as Mother and Next Friend of )
ALAIA MUNOZ, a Minor, )
)
Plaintiffs, )
) NO. 2020L002810
v. )
)
JOVON SANDERS, Individually and as Servant )
and Agent of TIRE WHOLESALERS COMPANY, )
and TIRE WHOLESALERS COMPANY, )
)
Defendants. )

### COMPLAINT AT LAW

NOW COME the plaintiffs, CARLOS MUNOZ; and ALICIA PEREZ, Individually and as Mother and Next Friend of ALAIA MUNOZ, a Minor, by and through their attorneys, The Horwitz Law Group, P.C., and in support of their Complaint at Law against the defendants, JOVON SANDERS, Individually and as Servant and Agent of TIRE WHOLESALERS COMPANY, and TIRE WHOLESALERS COMPANY, state as follows:

### COUNT I (CARLOS MUNOZ v. JOVON SANDERS)
#### Negligence

1. At all relevant times stated herein, Plaintiff CARLOS MUNOZ was a resident of the Village of Burnham, County of Cook, State of Illinois.

2. At all relevant times stated herein, Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, was a resident of the City of East Chicago, County of Lake, State of Indiana.

3. On October 25, 2019, Plaintiff CARLOS MUNOZ was operating a vehicle in which ALICIA PEREZ and ALAIA MUNOZ were passengers and was traveling westbound along and upon East 130th Street at or near its intersection with South Doty Avenue, in the City of Chicago, County of Cook, State of Illinois.

4. On October 25, 2019, Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, was operating and controlling a truck estbound along and upon East 130th Street at or near its intersection with South Doty Avenue, in the City of Chicago, County of Cook, State of Illinois.

5. On October 25, 2019, Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, made a left turn at or near the intersection of East 130th Street and South Doty Avenue in the City of Chicago, County of Cook, State of Illinois, in front of the vehicle driven by Plaintiff CARLOS MUNOZ in which ALICIA PEREZ and ALAIA MUNOZ were passengers.

6. At the aforesaid time and place, Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, owed a duty to exercise reasonable care in the ownership, operation and control of the truck which he was driving.

7. In violation of the aforementioned duty, Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, committed one or more of the following acts and/or omissions:

    (a) failed to keep a proper lookout for vehicles in his path of travel;

    (b) failed to stop his vehicle when reasonably necessary to do so in order to avoid a collision with the automobile in front of him, the vehicle driven by Plaintiff CARLOS MUNOZ;

(c) operated his vehicle at an excessive rate of speed, such that he was unable to control and/or stop his vehicle to avoid striking the automobile in front of him, the vehicle driven by Plaintiff CARLOS MUNOZ;

(d) failed to sound his horn when reasonably necessary to do so in order to warn other vehicles of his approach;

(e) failed to take evasive action when reasonably necessary to do so in order to avoid a collision with the automobile in front of him, the vehicle driven by Plaintiff CARLOS MUNOZ;

(f) failed to yield the right of way to vehicles going straight when making a left turn in front of the vehicle being driven by Plaintiff CARLOS MUNOZ; and,

(g) was otherwise careless and/or negligent.

7. As a direct and proximate result of the aforementioned negligent acts and/or omissions committed by Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, the truck driven by Defendant JOVON SANDERS was caused to and did strike the automobile driven by Plaintiff, CARLOS MUNOZ.

8. As a further direct and proximate result of the aforementioned collision, Plaintiff CARLOS MUNOZ, sustained serious, painful and permanent personal injury, incurred medical expenses in relation to same, lost time and income from work, and sustained a loss of a normal life, and will continue to in the future.

WHEREFORE, Plaintiff CARLOS MUNOZ prays that this Honorable Court enter judgment in his favor and against Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, in an amount in excess of the jurisdictional limits, plus costs.

## COUNT II (CARLOS MUNOZ v. TIRE WHOLESALERS COMPANY)
### Negligence

1-5. Plaintiff CARLOS MUNOZ realleges and incorporates by reference paragraphs 1 through 5 of COUNT I as and for paragraphs 1 through 5 of COUNT II.

6. At all relevant times stated herein, Defendant TIRE WHOLESALERS COMPANY was a foreign corporation doing business in the State of Illinois.

7. At all relevant times stated herein, Defendant JOVON SANDERS acted as the authorized agent and/or servant of Defendant TIRE WHOLESALERS COMPANY.

8. At the aforesaid time and place, Defendant TIRE WHOLESALERS COMPANY through its servant and agent, Defendant JOVON SANDERS, owed a duty to exercise reasonable care in the ownership, operation and control of the truck which he was driving.

9. In violation of the aforementioned duty, Defendant TIRE WHOLESALERS COMPANY, through its servant and agent, Defendant JOVON SANDERS, committed one or more of the following acts and/or omissions:

    (a) failed to keep a proper lookout for vehicles in his path of travel;

    (b) failed to stop his vehicle when reasonably necessary to do so in order to avoid a collision with the automobile in front of him, the vehicle driven by Plaintiff CARLOS MUNOZ;

    (c) operated his vehicle at an excessive rate of speed, such that he was unable to control and/or stop his vehicle to avoid striking the automobile in front of him, the vehicle driven by Plaintiff CARLOS MUNOZ;

    (d) failed to sound his horn when reasonably necessary to do so in order to warn other vehicles of his approach;

    (e) failed to take evasive action when reasonably necessary to do so in order to avoid a collision with the automobile in front of him, the vehicle driven by Plaintiff CARLOS MUNOZ;

4

(f) failed to yield the right of way to vehicles going straight when making a left turn in front of the vehicle being driven by Plaintiff CARLOS MUNOZ; and,

(g) was otherwise careless and/or negligent.

10. As a direct and proximate result of the aforementioned negligent acts and/or omissions committed by Defendant TIRE WHOLESALERS COMPANY, through its servant and agent, Defendant JOVON SANDERS, the vehicle driven by Defendant JOVON SANDERS was caused to and did strike the automobile being driven by Plaintiff CARLOS MUNOZ.

11. As a further direct and proximate result of the aforementioned collision, Plaintiff CARLOS MUNOZ sustained serious, painful and permanent personal injury, incurred medical expenses in relation to same, lost time and money from work, sustained a loss of a normal life, and will continue to in the future.

WHEREFORE, Plaintiff CARLOS MUNOZ prays that this Honorable Court to enter judgment in his favor and against Defendant TIRE WHOLESALERS COMPANY, in an amount in excess of the jurisdictional limits, plus costs.

## COUNT III (ALICIA PEREZ, Individually v. JOVON SANDERS)
### Negligence

1-5. Plaintiff ALICIA PEREZ, Individually, realleges and incorporates by reference paragraphs 1 through 5 of COUNT I as and for paragraphs 1 through 5 of COUNT III.

6. At all relevant times stated herein, Plaintiff ALICIA PEREZ was a resident of the Village of Burnham, County of Cook, State of Illinois.

7. At the aforesaid time and place, Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, owed a duty to exercise reasonable care in the ownership, operation and control of the truck which he was driving, which included a duty to obey the Illinois Vehicle Code.

5

8. In violation of the aforementioned duty, Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, committed one or more of the following acts and/or omissions:

(a) failed to keep a proper lookout for vehicles in his path of travel;

(b) failed to stop his vehicle when reasonably necessary to do so in order to avoid a collision with the automobile in front of him, the vehicle in which Plaintiff ALICIA PEREZ was a passenger;

(c) operated his vehicle at an excessive rate of speed, such that he was unable to control and/or stop his vehicle to avoid striking the automobile in front of him, the vehicle driven in which Plaintiff ALICIA PEREZ was a passenger;

(d) failed to sound his horn when reasonably necessary to do so in order to warn other vehicles of his approach;

(e) failed to take evasive action when reasonably necessary to do so in order to avoid a collision with the automobile in front of him, the vehicle in which Plaintiff ALICIA PEREZ was a passenger;

(f) failed to yield the right of way to vehicles going straight when making a left turn in front of the vehicle in which Plaintiff ALICIA PEREZ was a passenger; and,

(g) was otherwise careless and/or negligent.

9. As a direct and proximate result of the aforementioned negligent acts and/or omissions committed by Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, the vehicle driven by Defendant JOVON SANDERS was caused to and did strike the automobile being driven by Plaintiff CARLOS MUNOZ, in which Plaintiff ALICIA PEREZ was a passenger.

10. As a further direct and proximate result of the aforementioned collision, Plaintiff ALICIA PEREZ sustained serious, painful and permanent personal injury, incurred medical

6

expenses in relation to same, lost time and income from work, and sustained a loss of a normal life, and will continue to in the future.

WHEREFORE, Plaintiff ALICIA PEREZ, Individually, prays that this Honorable Court enter judgment in her favor and against Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, in an amount in excess of the jurisdictional limit, plus costs.

## COUNT IV (ALICIA PEREZ, Individually v. TIRE WHOLESALERS COMPANY)
### Negligence

1-5. Plaintiff ALICIA PEREZ, Individually, realleges and incorporates by reference paragraphs 1 through 5 of COUNT I as and for paragraphs 1 through 5 of COUNT IV.

6. At all relevant times stated herein, Plaintiff ALICIA PEREZ was a resident of the Village of Burnham, County of Cook, State of Illinois.

7. At all relevant times stated herein, Defendant TIRE WHOLESALERS COMPANY was a foreign corporation doing business in the State of Illinois.

8. At all relevant times stated herein, Defendant JOVON SANDERS acted as the authorized agent and/or servant of TIRE WHOLESALERS COMPANY.

9. At the aforementioned time and place, Defendant TIRE WHOLESALERS COMPANY, through its servant and agent, Defendant JOVON SANDERS, owed a duty to exercise reasonable care in the ownership, operation and control of the automobile which he was driving.

10. In violation of the aforementioned duty, Defendant TIRE WHOLESALERS COMPANY, through its servant and agent, Defendant JOVON SANDERS, committed one or more of the following acts and/or omissions:

    (a) failed to keep a proper lookout for vehicles in his path of travel;

(b) failed to stop his vehicle when reasonably necessary to do so in order to avoid a collision with the automobile in front of him, the vehicle in which Plaintiff ALICIA PEREZ was a passenger;

(c) operated his vehicle at an excessive rate of speed, such that he was unable to control and/or stop his vehicle to avoid striking the automobile in front of him, the vehicle driven in which Plaintiff ALICIA PEREZ was a passenger;

(d) failed to sound his horn when reasonably necessary to do so in order to warn other vehicles of his approach;

(e) failed to take evasive action when reasonably necessary to do so in order to avoid a collision with the automobile in front of him, the vehicle in which Plaintiff ALICIA PEREZ was a passenger;

(f) failed to yield the right of way to vehicles going straight when making a left turn in front of the vehicle in which Plaintiff ALICIA PEREZ was a passenger; and,

(g) was otherwise careless and/or negligent.

11. As a direct and proximate result of the aforementioned negligent acts and/or omissions committed by Defendant TIRE WHOLESALERS COMPANY, through its servant and agent, Defendant JOVON SANDERS, the vehicle driven by Defendant JOVON SANDERS, was caused to and did strike the automobile being driven by Plaintiff CARLOS MUNOZ, in which Plaintiff ALICIA PEREZ was a passenger.

12. As a further direct and proximate result of the aforementioned collision, Plaintiff ALICIA PEREZ sustained serious, painful and permanent personal injury, incurred medical expenses in relation to same, lost time and money from work, sustained a loss of a normal life, and will continue to in the future.

WHEREFORE, Plaintiff ALICIA PEREZ, Individually, prays that this Honorable Court to enter judgment in her favor and against Defendant TIRE WHOLESALERS COMPANY, in an amount in excess of the jurisdictional limits, plus costs.

## COUNT V (ALICIA PEREZ, as Mother and Next Friend of ALAIA MUNOZ, a Minor v. JOVON SANDERS)
### Negligence

1-5. Plaintiff ALICIA PEREZ, as Mother and Next Friend of ALAIA MUNOZ, a Minor, realleges and incorporates by reference paragraphs 1 through 5 of COUNT I as and for paragraphs 1 through 5 of COUNT V.

6. At all relevant times stated herein, Plaintiff ALICIA PEREZ was a resident of the Village of Burnham, County of Cook, State of Illinois.

7. Plaintiff ALICIA PEREZ is the mother of ALAIA MUNOZ, a minor child, and is acting as her next friend.

8. At the aforesaid time and place, Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, owed a duty to exercise reasonable care in the ownership, operation and control of the truck which he was driving, which included a duty to obey the Illinois Vehicle Code.

9. In violation of the aforementioned duty, Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, committed one or more of the following acts and/or omissions:

    (a) failed to keep a proper lookout for vehicles in his path of travel;

    (b) failed to stop his vehicle when reasonably necessary to do so in order to avoid a collision with the automobile in front of him, the vehicle in which ALAIA MUNOZ was a passenger;

    (c) operated his vehicle at an excessive rate of speed, such that he was unable to control and/or stop his vehicle to avoid striking the automobile in front of him, the vehicle driven in which ALAIA MUNOZ was a passenger;

    (d) failed to sound his horn when reasonably necessary to do so in order to warn other vehicles of his approach;

(e) failed to take evasive action when reasonably necessary to do so in order to avoid a collision with the automobile in front of him, the vehicle in which ALAIA MUNOZ was a passenger;

(f) failed to yield the right of way to vehicles going straight when making a left turn in front of the vehicle in which ALAIA MUNOZ was a passenger; and,

(g) was otherwise careless and/or negligent.

10. As a direct and proximate result of the aforementioned negligent acts and/or omissions committed by Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, the vehicle driven by Defendant JOVON SANDERS was caused to and did strike the automobile being driven by Plaintiff CARLOS MUNOZ, in which ALAIA MUNOZ was a passenger.

11. As a further direct and proximate result of the aforementioned collision, ALAIA MUNOZ sustained serious, painful and permanent personal injury, incurred medical expenses in relation to same, and sustained a loss of a normal life, and will continue to in the future.

WHEREFORE, Plaintiff ALICIA PEREZ, as Mother and Next Friend of ALAIA MUNOZ, a Minor, prays that this Honorable Court enter judgment in her favor and against Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, in an amount in excess of the jurisdictional limit, plus costs.

### COUNT VI (ALICIA PEREZ, as Mother and Next Friend of ALAIA MUNOZ, a Minor v. TIRE WHOLESALERS COMPANY)
#### Negligence

1-5. Plaintiff ALICIA PEREZ, as Mother and Next Friend of ALAIA MUNOZ, a Minor, realleges and incorporates by reference paragraphs 1 through 5 of COUNT I as and for paragraphs 1 through 5 of COUNT IV.

6. At all relevant times stated herein, Plaintiff ALICIA PEREZ was a resident of the Village of Burnham, County of Cook, State of Illinois.

7. Plaintiff ALICIA PEREZ is the mother of ALAIA MUNOZ, a minor child, and is acting as her next friend.

8. At all relevant times stated herein, Defendant TIRE WHOLESALERS COMPANY was a foreign corporation doing business in the State of Illinois.

9. At all relevant times stated herein, Defendant JOVON SANDERS acted as the authorized agent and/or servant of TIRE WHOLESALERS COMPANY.

10. At the aforementioned time and place, Defendant TIRE WHOLESALERS COMPANY, through its servant and agent, Defendant JOVON SANDERS, owed a duty to exercise reasonable care in the ownership, operation and control of the automobile which he was driving.

11. In violation of the aforementioned duty, Defendant TIRE WHOLESALERS COMPANY, through its servant and agent, Defendant JOVON SANDERS, committed one or more of the following acts and/or omissions:

    (a) failed to keep a proper lookout for vehicles in his path of travel;

    (b) failed to stop his vehicle when reasonably necessary to do so in order to avoid a collision with the automobile in front of him, the vehicle in which ALAIA MUNOZ was a passenger;

    (c) operated his vehicle at an excessive rate of speed, such that he was unable to control and/or stop his vehicle to avoid striking the automobile in front of him, the vehicle driven in which ALAIA MUNOZ was a passenger;

    (d) failed to sound his horn when reasonably necessary to do so in order to warn other vehicles of his approach;

    (e) failed to take evasive action when reasonably necessary to do so in order to avoid a collision with the automobile in front of him, the vehicle in which ALAIA MUNOZ was a passenger;

    (f) failed to yield the right of way to vehicles going straight when making a left turn in front of the vehicle in which ALAIA MUNOZ was a passenger; and,

(g) was otherwise careless and/or negligent.

12. As a direct and proximate result of the aforementioned negligent acts and/or omissions committed by Defendant TIRE WHOLESALERS COMPANY, through its servant and agent, Defendant JOVON SANDERS, the vehicle driven by Defendant JOVON SANDERS, was caused to and did strike the automobile being driven by Plaintiff CARLOS MUNOZ, in which ALAIA MUNOZ was a passenger.

13. As a further direct and proximate result of the aforementioned collision, ALAIA MUNOZ sustained serious, painful and permanent personal injury, incurred medical expenses in relation to same, lost time and money from work, sustained a loss of a normal life, and will continue to in the future.

WHEREFORE, Plaintiff ALICIA PEREZ, as Mother and Next Friend of ALAIA MUNOZ, a Minor, prays that this Honorable Court to enter judgment in her favor and against Defendant TIRE WHOLESALERS COMPANY, in an amount in excess of the jurisdictional limits, plus costs.

## COUNT VII (ALICIA PEREZ, as Mother and Next Friend of ALAIA MUNOZ, a Minor v. JOVON SANDERS)
### Family Expense Act

1. Plaintiff ALICIA PEREZ, as Mother and Next Friend of ALAIA MUNOZ, a Minor, adopts and incorporates Count V by reference.

2. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions, ALAIA MUNOZ was injured and required medical treatment for which her mother, ALICIA PEREZ, incurred medical expenses.

3. Plaintiff ALICIA PEREZ seeks recovery for said medical expenses pursuant to §750 ILCS 65/15(*et seq.*), commonly referred to as the "Family Medical Expense Act."

WHEREFORE, Plaintiff ALICIA PEREZ, as Mother and Next Friend of ALAIA MUNOZ, a Minor, prays that this Honorable Court enter judgment in her favor and against Defendant JOVON SANDERS, in an amount in excess of the jurisdictional limit, plus costs.

### COUNT VIII (ALICIA PEREZ, as Mother and Next Friend of ALAIA MUNOZ, a Minor v. TIRE WHOLESALERS COMPANY)
#### Family Expense Act

1. Plaintiff ALICIA PEREZ, as Mother and Next Friend of ALAIA MUNOZ, a Minor, adopts and incorporates Count VI by reference.

2. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions, ALAIA MUNOZ was injured and required medical treatment for which her mother, ALICIA PEREZ, incurred medical expenses.

3. Plaintiff ALICIA PEREZ seeks recovery for said medical expenses pursuant to §750 ILCS 65/15(*et seq.*), commonly referred to as the "Family Medical Expense Act."

WHEREFORE, Plaintiff ALICIA PEREZ, as Mother and Next Friend of ALAIA MUNOZ, a Minor, prays that this Honorable Court enter judgment in her favor and against Defendant TIRE WHOLESALERS COMPANY, in an amount in excess of the jurisdictional limit, plus costs.

### COUNT IX (CARLOS MUNOZ v. JOVON SANDERS)
#### Property Damage

1-8. Plaintiff CARLOS MUNOZ realleges and incorporates by reference paragraphs 1 through 8 of COUNT I as and for paragraphs 1 through 8 of COUNT IX.

9. As a direct and proximate result of the aforementioned negligent acts and/or omissions committed by Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, truck driven by Defendant JOVON SANDERS came into

contact with the automobile being operated and owed by Plaintiff CARLOS MUNOZ, greatly damaging the same, causing in excess of $15,000.00 in property damages.

WHEREFORE, Plaintiff CARLOS MUNOZ prays that this Honorable Court enter judgment in his favor and against Defendant JOVON SANDERS, individually and as servant and agent of TIRE WHOLESALERS COMPANY, in the sum of $15,000.00 plus costs.

### COUNT X (CARLOS MUNOZ v. TIRE WHOLESALERS COMPANY)
#### Property Damage

1-11. Plaintiff CARLOS MUNOZ realleges and incorporates by reference paragraphs 1 through 11 of COUNT II as and for paragraphs 1 through 11 of COUNT X.

12. As a direct and proximate result of the aforementioned negligent acts and/or omissions committed by Defendant TIRE WHOLESALERS COMPANY, through its servant and agent, Defendant JOVON SANDERS, the truck driven by Defendant JOVON SANDERS came into contact with the automobile being operated and owed by Plaintiff CARLOS MUNOZ, greatly damaging the same, causing in excess of $15,000.00 in property damages.

WHEREFORE, Plaintiff CARLOS MUNOZ prays that this Honorable Court enter judgment in his favor and against Defendant TIRE WHOLESALERS COMPANY, in the sum of $15,000.00 plus costs.

Respectfully submitted,

The Horwitz Law Group

By: *[signature]*
Lindsey A. Seeskin

The Horwitz Law Group
20 N. Clark Street, Suite 3300
Chicago, IL 60602
(312) 641-9200
Attorney No. 28423

## Certification of Damages

Lindsey A. Seeskin, one of the attorneys for the plaintiffs, certifies that she has reviewed the damages aspect of this case, both with respect to economic and non-economic losses, and that in her opinion, the damages sustained are in excess of $50,000.00.

*[signature]*
Lindsey A. Seeskin